UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | SA MC 20-00014-CJC (DFM) | Date: | August 21, 2020 |
|---|---|---|---|
| Title | Invensas Corporation et al. v. NVIDIA Corporation | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge |
|---|---|
| Nancy Boehme | Not Present |
| Deputy Clerk | Court Reporter |
| Attorney(s) for Plaintiff(s): | Attorney(s) for Defendant(s): |
| Not Present | Not Present |

| **Proceedings:** | **(IN CHAMBERS)** Order re: Nonparty EVGA Corporation's Motion to Quash Subpoena (Dkt. 1) |
|---|---|

Nonparty EVGA Corporation ("EVGA") moves to quash a Rule 45 subpoena for documents and deposition testimony issued by Plaintiffs Invensas Corporation and Tessera Advanced Technologies, Inc. ("Invensas") in a patent infringement case now pending in the United States District Court for the District of Delaware, Invensas Corp. et al. v. NVIDIA Corp., Case No. 1:19-cv-00861-RGA ("the Delaware Case"). See Dkt. 1 ("Motion"). Invensas opposed EVGA's motion. See Dkt. 12. EVGA filed a reply. See Dkt. 15. The Court held a hearing on August 4, 2020, after which it took the matter under submission. See Dkt. 16.

Invensas's February 19, 2020 subpoena to EVGA includes four documents requests. EVGA fairly summarizes those requests as follows: "(1) EVGA Products; (2) unit sales and revenue for EVGA Products; (3) agreements with NVIDIA; and (4) communications with NVIDIA." Motion at 14. Invensas also identifies eight topics for deposition. EVGA summarizes those topics as follows: "(1) EVGA Products; (2) unit sales and revenue for EVGA Products; (3) agreements with NVIDIA; (4) EVGA supply chain; (5) communications with NVIDIA; (6) identification of relevant documents; (7) meaning and authenticity of produced documents; and (8) search for responsive documents." Id.

EVGA seeks an order quashing the subpoena in its entirety. But as EVGA acknowledges, EVGA and Invensas "agreed to temporarily table the deposition and Requests 3 and 4." Id. at 14. In fact, it appears that Invensas's counsel agreed to this during the parties' first substantive meet-and-confer about Invensas's subpoena. See Dkt. 1-2 at 4 (describing March 4, 2020 meet and confer during which "[Invensas's counsel] agreed to . . .table the deposition and Document Request Nos. 3 and 4, while Plaintiffs seek such documents from NVIDIA."). The Court agrees that this is a sensible approach, and notwithstanding EVGA's concern that Requests 3 and 4 will

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

continue to hang over its head somehow, it will refrain from ruling on those requests or the deposition at this time.

One of EVGA's principal arguments is that the District Court in the Delaware Case foreclosed Invensas for seeking discovery from non-parties like EVGA when it denied a motion to compel defendant NVIDIA to produce documents from its wholly-owned subsidiaries. EVGA argues that the reasoning of the District Court in Delaware—that these documents were "unnecessary"—applies with equal force to Invensas's efforts to obtain records from EVGA. See Motion at 18 ("As a nonparty, EVGA should not have to produce its sales data to support an inducement theory when the Delaware Court refused to compel similar discovery from a party."). Invensas argues that the Delaware Court's reasoning related to its non-party foreign subsidiaries and "in no way impacts the discoverability of the information [it] seeks from EVGA." See Opp'n at 19. The Court agrees. As Invensas argues, NVIDIA is potentially responsible for its own actions, including its inducement of customers like EVGA. See id.

The Court also agrees that the records sought by Invesnsas through Requests 1 and 2 are relevant to its claims against NVIDIA. The evidence before the Court indicates that EVGA incorporates into its products NVIDIA GPUs that it buys from sellers other than NVIDIA Corporation, the defendant in the Delaware action. So the facts here are unlike a case cited by EVGA, Itex, Inc. v. Westex, Inc., Case No. 05-6110, 2011 WL 856583 (N.D. Ill. Mar. 9, 2011), where the evidence showed that the fabric in the garments sold by the customers was sold by the defendant.

This leaves the Court to wrestle with the burdens presented by the subpoena. During the parties' extensive negotiations that occurred before this motion was filed, EVGA offered at one point to provide unit sales for its products that contain one or more NVIDIA GPUs between October 2014 and the present. See Dkt. 1-12 at 23 ("EVGA is willing to produce a list identifying EVGA products containing one or more NVIDIA chips that were in its then-current (not legacy) line of products between October 2014 - present, as well as the number of units sold in the US for the identified products."). EVGA also offered to produce "weekly reports that it prepared and sent to NVIDIA in the ordinary course of business" that "identify the total number of units of each NVIDIA-based graphics cards shipped to EVGA's customers by channel." Id. at 18. The Court believes that these proposals are a reasonable balance of Invensas's interests in the information and EVGA's burden. The Court will accordingly order EVGA to produce both this list and the weekly reports.

The remaining information sought by Requests 1 and 2 involve EVGA's revenues. EVGA argues that its revenue and pricing information is not disclosed to NVIDIA and that disclosure of this information would cause competitive harm. See Motion at 26. But as Invensas points out, the parties in the Delaware Case have in place a protective order that includes a designation for "Outside Attorneys' Eyes Only," a restriction that adequately protect EVGA's pricing information

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

from possible misuse by NVIDIA. The Court is thus not persuaded that revenue information should be excluded from its order.

For the foregoing reasons, EVGA's motion to quash is DENIED as to Request Nos. 1 and 2 and it is ORDERED to produce within twenty-eight (28) days of this Order: (1) a list identifying EVGA products containing one or more NVIDIA chips that were in its then-current (not legacy) line of products between October 2014 - present, as well as the number of units sold in the US for the identified products; (2) revenue information for those sales; and (3) weekly reports that it prepared and sent to NVIDIA in the ordinary course of business that identify the total number of units of each NVIDIA-based graphics cards shipped to EVGA's customers by channel.

The parties are further ORDERED to submit a joint status report in 90 days advising the Court of any continued dispute related to the subpoena. If no status report is submitted, or if the status report indicates that there is no continued dispute, this matter will be automatically closed.